[Civ. No. 48810. First Dist., Div. Two. Dec. 9, 1982.]

JEFFERSON CLASSROOM TEACHERS ASSOCIATION,
CTA/NEA et al., Plaintiffs and Appellants, v.
JEFFERSON ELEMENTARY SCHOOL DISTRICT,
Defendant and Respondent.

**Counsel**

Penn Foote, Diane Ross, Kirsten L. Zerger, Raymond L. Hansen and Ramon E. Romero for Plaintiffs and Appellants.

Keith C. Sorenson and James P. Fox, District Attorneys, and Lillian Lee Port, Deputy District Attorney, for Defendant and Respondent.

**Opinion**

**MILLER, J.**—Jefferson Classroom Teachers Association (hereinafter Association) and certain certified teachers appeal from a judgment denying their motion for summary judgment and granting Jefferson Elementary School District's (hereinafter District) cross-motion for summary judgment.

Association and District entered into a collective bargaining contract on February 6, 1978. Article IV section A(1)(e) of the contract reads: "*Extended Leave for Illness or Accident.* When an employee has exhausted all other leaves, vacation, and compensatory time and continues to be disabled by illness or accident, whether or not the illness or accident arises out of or during the course of employment with the District; the employee shall, for the period of disability of five (5) months or less, receive the difference between the cost of the substitute and the normal salary that would be paid the employee, providing that in no instance shall an absent certificated employee receive less than fifty percent (50%) of the regular salary during the leave of absence. The school

district shall make every reasonable effort to secure the services of a substitute employee for each of the days of absence under this paragraph."

After the parties entered into the contract, several of the teachers in the District, having used up all of their regular sick leave, were absent because of illness or injury. The teachers received no salary for these absences and Association, on their behalf, filed a grievance in the matter.

After the grievance was denied by District through all levels, the matter was submitted to an arbitrator, pursuant to provisions in the contract. The arbitrator's advisory decision ruled that District, by failing to pay teachers who were absent because of a "noncontinuous" illness or accident after having used up their regular sick leave, was in violation of article IV section A(1)(e) of the contract. The arbitrator's advisory decision was rejected by District's governing board on November 29, 1978.

Thereafter, Association and the aggrieved teachers filed a complaint for declaratory and injunctive relief and for money due and owing against District. District's position at trial was that the proper construction of article IV section A(1)(e) is that payment of the reduced salary rate should go only to those teachers who are absent because of an illness or injury of an extended or protracted nature, continuing past the point in time at which the employee's sick leave is exhausted.

In its opposition to Association's motion and its cross-motion for summary judgment, District argued that prior to the contract between the parties, Education Code section 44977,[1] and its predecessor section 13467, contained the only reference to the amount and manner of payment for an extended leave of absence, that is, leave in addition to the 10 days of sick leave allowed each year by section 44978. The extended leave provisions of sections 44977 and 13467 had always been interpreted by District to cover *extended* illnesses. In the three-year period from 1973 until July 1976, the district was administered by ten different business administrators and superintendents. In 1976 the superintendent noted that the district had an inordinate amount of Friday and Monday absenteeism. He discovered that a payroll clerk, due to lack of direction from a rapidly changing administration, had been granting to any and all employees who exhausted their 10 days of sick leave extended illness pay under the extended leave code provision. The superintendent terminated that practice by notifying the teachers that he had instructed the payroll department to grant extended illness pay only to those employees who were absent because of an illness or injury of a protracted nature continuing past the point in time at which the employee's regular paid sick leave was exhausted.

---

[1] All code sections will refer to the Education Code unless otherwise indicated.

Thereafter, during contract negotiations, the initial proposal of Association contained a provision[2] designed to reinstate the payroll clerk's practice and enhance it with a guaranteed minimum differential pay. In essence, the proposal called for unlimited use of extended disability pay and a guaranteed minimum of 50 percent of regular salary to protect the absent employee against high-salaried substitutes. District submitted a counterproposal[3] which was intended to reaffirm and clarify its interpretation of the extended leave code provisions, that is, to compensate employees only for illnesses of an extended, continuing nature and then only in an amount equal to the difference between the cost of substitute teacher and the normal salary that would be paid the employee.

District eventually acceded to Association's request for a guaranteed minimum of 50 percent differential pay in return for the inclusion of language limiting extended disability pay to extended illnesses and injuries only. The result was article IV section A(1)(e) which retains the "and continues to be disabled" terminology that is here in dispute.

Based on written and oral arguments the trial court determined that "the language of the agreement is to provide for economic protection to [plaintiffs] from extensive losses due to *extended* absences, after use of normal sick leave, for a period of up to five months. Such absences are for illnesses or accidents which are continuous in time or effect, and do not include absences for other sporadic illnesses or accidents during that five month period."

On appeal Association contends that section 44977[4] grants all public school teachers the right to receive differential pay for illness and accident leave dur-

---

[2]Association's initial proposal provided as follows: "When a Certificated Employee is *absent from duties on account of illness, a temporary disability or accident* for a period of five (5) school months or less, whether employment related or not, the amount deducted from salary due in any month of absence shall not exceed the sum actually paid a substitute, providing that in no instance shall an absent Certificated Employee receive less than fifty percent (50%) of the regular salary during a period of absence." (Italics supplied.)

[3]District's counterproposal read: "When an employee has exhausted all other leaves, vacation, and compensatory time *and continues to be disabled* by illness or accident, whether the illness or accident arises out of or during the course of employment with the District; the employee shall, for the period of disability of five months or less, receive the difference between the cost of substitute and the normal salary that would be paid the employee. The school district shall make every reasonable effort to secure the services of a substitute for each of the days of absence under this paragraph; in any case the normal cost shall be deducted from the pay for each day of the absence." (Italics supplied.)

[4]Section 44977 provides: "When a person employed in a position requiring certification qualifications is absent from his duties on account of illness or accident for a period of five school months or less, whether or not the absence arises out of or in the course of the employment of the employee, the amount deducted from the salary due him for any month in which the absence occurs shall not exceed the sum which is actually paid a substitute employee

ing the first five months following the exhaustion by the teacher of his or her regular sick leave, whether or not such illness or accident be "continuous" with the illness or accident for which the teacher had used up his or her regular sick leave.[5] Thus, District's construction of the challenged contract provision and the lower court's endorsement of that construction violates a statutorily guaranteed right to receive differential pay.

Association presents certain hypothetical situations which, under District's construction of the contract provision, would produce absurd results. For instance, teacher A has the flu for 10 working days. Thereafter, he is involved in an automobile accident. Given District's construction of the contract provision, A would be ineligible for differential pay. On the other hand, teacher B has the flu for nine working days. She then has an accident and uses her 10th sick leave day under section 44978. Teacher B is eligible for differential pay. Association contends that section 44977 does not admit of such distinctions.

District takes the position that article IV section A(1)(e) is valid since the fifth paragraph of section 44977 provides that a district has the right "to make any reasonable rule for the regulation of accident or sick leave." Moreover, District contends that its requirement that illnesses be of extended duration was the very basis for the negotiations that gave rise to article IV section A(1)(e). It asserts that the phrase "and continues to be disabled" was the result of collective

employed to fill his position during his absence, or, if no substitute employee was employed, the amount which would have been paid to the substitute had he been employed. The school district shall make every reasonable effort to secure the services of a substitute employee.

"The governing board of every school district shall adopt a salary schedule for substitute employees. The salary schedule shall indicate a salary for a substitute for all categories or classes of certificated employees of the district.

"Excepting in a district the governing board of which has adopted a salary schedule for substitute employees of the district, the amount paid the substitute employee during any month shall be less than the salary due the employee absent from his duties.

"When a person employed in a position requiring certification qualifications is absent from his duties on account of illness for a period of more than five school months, or when a person is absent from his duties for a cause other than illness, the amount deducted from the salary due him for the month in which the absence occurs shall be determined according to the rules and regulations established by the governing board of the district. Such rules and regulations shall not conflict with rules and regulations of the State Board of Education.

"Nothing in this section shall be construed so as to deprive any district, city, or city and county of the right to make any reasonable rule for the regulation of accident or sick leave or cumulative accident or sick leave without loss of salary for persons acquiring certification qualifications.

"This section shall be applicable whether or not the absence from duty is by reason of a leave of absence granted by the governing board of the employing district."

[5]Regular sick leave is provided under section 44978 which states in part: "Every certificated employee employed five days a week by a school district shall be entitled to 10 days' leave of absence for illness or injury and such additional days in addition thereto as the governing board may allow for illness or injury, exclusive of all days he is not required to render service to the district, with full pay for a school year of service. . . ."

bargaining, intended to clarify any ambiguity in section 44977. The final agreement precluded compensation for teachers who had sporadic short periods of illness following the exhaustion of regular sick leave.

*Section 44977*

The preliminary task for this court is to determine the meaning of section 44977 in order to ascertain whether the collective bargaining contract conflicts with it. Little guidance is presented by previous case law on this point. However, two opinions by the Attorney General provide some assistance.

In construing predecessor statutes to section 44977 the Attorney General wrote "that the primary aim of the Legislature was to afford protection to teachers who, because of illness or accident, are unable to perform their duties. Thus any construction of the statutes which would unduly injure a teacher's economic status must be avoided." (30 Ops.Cal.Atty.Gen. 307, 308 (1957).) Subsequently, the Attorney General interpreted the word "period" as used in section 13467[6] to be "a continuous, consecutive period of time" (43 Ops.Cal. Atty.Gen. 283 (1964)) without detailing how long such period should be. In the same opinion the Attorney General opined that if an employee returned to duty after an illness or accident his rights under former section 13467 were renewed, and if that employee again became absent from his duties on account of illness or accident a new five-month period commenced. (43 Ops.Cal.Atty.Gen. 283.) The opinion then stated as follows: "The section also expressly authorizes the district, . . . to adopt reasonable rules respecting sick leave *without loss of salary.* Thus the intent seems clear to preserve the salary figure originally contracted for and to limit the maximum loss to the employee to the *actual expense* caused to the district by such absence." (43 Ops.Cal.Atty.Gen. 284, italics in original.)

The first paragraph of section 44977 provides in part that "[w]hen a person employed in a position requiring certification qualifications is absent from his duties on account of illness or accident for a period of five school months or less, whether or not the absence arises out of or in the course of the employment of the employee, the amount deducted from the salary due him for any month in which the absence occurs shall not exceed the sum which is actually paid a substitute employee employed to fill his position during his absence, . . ." It appears to this court that the paragraph provides, simply and without any qualification, that if, after exhausting regular sick leave pay provided for in section 44978, a teacher is ill or injured the teacher is entitled to receive a regular

---

[6]Former section 13467 was the predecessor of section 44977. The two sections have identical language.

salary less the amount of the substitute's salary. There is no indication that the illness or injury be of the same kind as, or an uninterrupted continuation of, the illness or injury which has caused the teacher to exhaust the regular sick leave. This construction is consistent with the aforementioned Attorney General Opinion that a teacher who returns to work after having used allotted time under former section 13467 (present § 44977) is entitled to a new five-month period if he is again absent due to illness or injury.

Paragraph four of section 44977 provides that if a teacher is absent on account of illness or injury for *more* than five months the district may determine the amount deducted from his or her salary in accordance with its own rules and regulations.

Thereafter, paragraph five of section 44977 authorizes a district to make reasonable rules for the regulation of accident or sick leave or cumulative accident or sick leave *without the loss of pay.* Nothing in paragraph five alters our view of how the first paragraph of the section should be construed. "The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] Moreover, 'every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' [Citation.] If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose. [Citation.] Such purpose will not be sacrificed to a literal construction of any part of the act." (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; see also, *People* v. *Taylor* (1975) 46 Cal.App.3d 513, 531 [120 Cal.Rptr. 762] [overruled on other grounds in *People* v. *Rollo* (1977) 20 Cal.3d 109, 120, fn. 4 (141 Cal.Rptr. 177, 569 P. 2d 771)].) Were we to adopt District's argument that the fifth paragraph of section 44977 vests in the district discretion to determine the terms and conditions under which a teacher could be compensated for a leave due to illness or injury during the first five months of absence, it would render meaningless the first paragraph and would be almost indistinguishable from the fourth paragraph of the section.

Accordingly, we find that at a minimum section 44977 grants all public school teachers the right to receive differential pay for illness and accident leave during the first five school months following the exhaustion by the teacher of his or her regular sick leave.

*Effect of Collective Bargaining Agreement*

It is clear from the record that article IV section A(1)(e) was the product of collective bargaining. Association proposed one version of the provision,

District countered with a different proposal and a compromise was reached in the paragraph here in dispute. Consequently, we must consider whether the exclusive representative for the school district's teachers may waive the rights of teachers to receive differential pay benefits under section 44977 in return for a guarantee that teachers who continue to be disabled because of the same illness or injury with which they exhausted their sick leave benefits shall receive 50 percent of their salary for a period of up to five months.

The Education Employment Relations Act (Gov. Code, §§ 3540-3549.3) establishes a system of collective bargaining for school district employees working in grades kindergarten through 14. Government Code section 3540 provides in pertinent part that "[n]othing contained herein shall be deemed to supersede other provisions of the Education Code. . . ." In the Education Code, section 44924[7] prohibits the waiver of the benefits contained in sections 44800 through 45060. There can be no question that section 44977 is included.

Citing *Mayer* v. *Board of Trustees* (1980) 106 Cal.App. 3d 476 [165 Cal. Rptr. 655], District maintains that since the word "period" is not defined in section 44977, it was free to negotiate its meaning. In *Mayer,* the court held that a school district is free to define the word "experience" as used in section 45028[8] for purposes of its salary schedule provided that what is so defined applies uniformly to all teachers employed by the district. While we question the wisdom in permitting individual school districts the right to interpret terminology used in general statutes, we are convinced that such authority cannot be so broad as to emasculate the entire statute. Here, District has not only defined the term "period" as some vague "protracted period," but has required that the period be continuous with and derived from the same disability that caused a teacher to exhaust his or her regular sick leave. Section 44977 in no way creates such limitation. It is obvious that article IV section A(1)(e)'s terminology "and continues to be disabled" has added a limitation where none existed in section 44977.

In light of the above discussion we must conclude that article IV section A(1)(e) conflicts with and does not supersede section 44977. While District is free to define the minimum length of time an employee must be absent because

---

[7]Section 44924 states in pertinent part: "Except as provided in Sections 44937 and 44956, any contract or agreement, express or implied, made by any employee to waive the benefits of this chapter or any part thereof is null and void."

[8]Section 45028 states in pertinent part: "[E]ach person employed by a district in a position requiring certification qualifications except a person employed in a position requiring administrative or supervisory credentials, shall be classified on the salary schedule on the basis of uniform allowance for years of training and years of experience. . . ."

of illness or accident after exhaustion of normal sick leave before he or she is eligible for extended sick leave benefits, it may not condition such benefits on the requirement that the illnesses or accidents be continuous in time or effect with illnesses or accidents that formed the basis for regular sick leave benefits provided under section 44978.

*Effect of Conflict*

Paragraph E of the collective bargaining agreement states the following: "Should any article, section or clause of this Agreement be declared illegal by a court of competent jurisdiction, said article, section, or clause, as the case may be, shall be automatically deleted from this Agreement to the extent that it violated the law. The remaining unaffected articles, sections and clauses shall remain in full force and effect for the duration of this Agreement." It is clear from this language that the parties intended that the illegal provision be severed only to the extent that it violates conflicting statutes. Accordingly, we hold that that portion of article IV section A(1)(e) which conflicts with the views expressed herein is void. The remainder, including a guarantee of 50 percent of an absent employee's regular salary, is in full force and effect.

The judgment is reversed.

Rouse, Acting P. J., and Smith, J., concurred.

A petition for a rehearing was denied December 31, 1982, rule 27 (e), California Rules of Court. Appellants' petition for a hearing by the Supreme Court was denied February 2, 1983. Grodin, J., did not participate therein. Bird, C.J., was of the opinion that the petition should be granted.