[Civ. No. 50956. Second Dist., Div. Three. Mar. 20, 1978.]

PHILIP H. HENDERSON et al., Plaintiffs and Respondents, v.
BOARD OF EDUCATION OF THE CITY OF LOS ANGELES et al.,
Defendants and Appellants.

**COUNSEL**

John H. Larson, County Counsel, and Richard K. Mason, Deputy County Counsel, for Defendants and Appellants.

No appearance for Plaintiffs and Respondents.

## OPINION

ALLPORT, J.—On January 26, 1976, Philip H. Henderson and Robert Searles, taxpayers of the Los Angeles Unified School District, filed a complaint against the Los Angeles City Board of Education and six of the seven elected members of the board[1] seeking to enjoin the board and its membership from filling a vacancy in office No. 2 of the board by resort to private, nonpublic, secret meetings of the board or any of its committees, for a declaration of the rights and duties of the parties, for restoration of public funds expended in the course of such meetings and for an award of costs and attorney's fees.

On the date the complaint was filed a temporary restraining order was issued enjoining the board from taking any action which was the subject matter of the litigation and setting the matter for hearing February 2, 1976. By stipulation filed January 27, 1976, the hearing was continued to March 2, 1976, for the reason that "Defendants have altered their procedures for selection of a new Board member, thus eliminating the necessity for an immediate hearing."

On February 2, 1976, the board filed a cross-complaint alleging in pertinent part:

"IV

"That on January 19, 1976 the Board of Education of Cross-Complainant District adopted certain procedures by which a vacancy on the Board would be filled. Said procedures included the creation of three 'ad hoc advisory committees', composed solely of members of the governing body of the District, less than a quorum of the governing body of the District.

"Said advisory committees were created for the purpose of advising the Board of Education as to the qualifications of the numerous candidates for appointment to the vacant position. The evaluation of the candidates' qualifications and the interviewing of the candidates themselves by the advisory committees were intended to be done in private session.

---

[1] Office No. 2 of the board was vacant at that time as the result of the death on January 11, 1976, of one of the board members.

"V

"On January 26, 1976, the Honorable Norman Dowds, Judge of the Superior Court, issued a temporary restraining order enjoining Cross-Complainant from conducting any and all of said ad hoc committee meetings, not open to the public.

"VI

"Based upon said temporary restraining order, Cross-Complainant altered its selection procedures by eliminating the closed session ad hoc advisory committee meetings.

"VII

"That, notwithstanding the alteration in the selection procedure, there exists a fundamental, actual, present controversy and a probable future controversy between Cross-Complainant and Cross-Defendants with respect to the powers possessed by Cross-Complainant under the Brown Act (Government Code §§ 54950 et seq.), specifically with regard to the legality of private sessions of committees composed solely of members of the governing body of the Board of Education which are less than a quorum of such governing body (Government Code §§ 54952.3). Cross-Complainant has in the past and fully intends in the future to create and establish such advisory committees which are designed to meet in closed session to consider various aspects of the operation of the School District. The legality of said advisory committees has been, and is likely to be questioned and challenged by Cross-Defendants.

"WHEREFORE, Cross-Complainant seeks a judicial determination of the parties' respective rights and duties regarding the subject matter of this litigation and the power of the School District under the Brown Act to establish and operate closed session advisory committees composed solely of members of the Board of Education which are less than a quorum of such board."

Thereafter by stipulation authorizing issuance of a preliminary injunction and answers to the complaint and cross-complaint the matter became at issue.

In due course, after determining that no defense to the action or triable issue of fact existed, the trial court granted plaintiffs' motions for summary judgment and attorney's fees and entered judgment as follows:

"It Is Ordered that the defendants, and each of them, are permanently restrained and enjoined from creating and establishing ad hoc or advisory committees composed solely of members of the governing body of the School District which are less than a quorum of such governing body, which are to meet in closed session to consider, discuss, formulate recommendations, screen applicants for official positions or to meet in closed session for any other aspect of the operation of the School District, except as specifically allowed under Government Code Sections 54957, 54957.6, 54957.9 and Education Code Section 967.

"It Is Further Adjudged And Decreed that plaintiffs and cross-defendants have judgment against defendants and cross-complainants, together with attorney's fees in the sum of $5,025.00 pursuant to Government Code Section 549605, [*sic.* (54960.5)] and costs in the sum of $      ."

Defendant board appeals from that judgment.

### Contentions

Focusing in general on the Ralph M. Brown Act, Government Code section 54950 et seq. and specifically on section 54952.3 the board contends that, in providing that "all meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency, . ." the Legislature did not intend to include "closed session advisory committees composed solely of members of the Board of Education which are less than a quorum of such board."

As a corollary of this contention the board further contends that no award of attorney's fees is authorized by section 54960.5 and in any event the award made was an abuse of discretion.

### Issues

The issues before us are succinctly stated by the board as follows:

"1.   Is an advisory committee composed solely of members of a governing body of a local agency which are less than a quorum required

by the Ralph M. Brown Act to meet in public, except as allowed to meet in executive session by Government Code Sections 54957, 54957.6 and 54957.9, and Education Code Sections 35146 and 48914(c)?

"Alternately (and more succinctly) phrased, the issue in this case is:

"Does Government Code Section 54952.3 establish a 'less-than-a-quorum' exception to the Brown Act?

"2. Assuming that Appellants' intended procedure would, if carried out, have violated the Brown Act, is an award of attorney's fees under Government Code Section 54960.5 appropriate in a case where a plaintiff succeeds in obtaining a temporary restraining order against a threatened violation, which order and conduct by the defendant subsequent to it eliminate an actual violation of the Brown Act?

"Alternately phrased:

"Is the attorney's fees provision of the Brown Act (Section 54960.5) limited to cases where an actual violation of the Brown Act has occurred?

"3. If the Brown Act authorizes attorney's fees for threatened as well as actual violations, and assuming that Appellants' intended procedure would, if carried out, have violated the Brown Act, is an award of attorney's fees appropriate when it is based substantially upon work performed for a summary judgment upon a cross-complaint, whereas the only work done to prevent a violation or threatened violation of the Brown Act was in connection with a temporary restraining order? Or is such an award an abuse of discretion?"

We note that no reply brief has been filed. The matter will therefore be submitted for decision in accordance with rule 17(b) of California Rules of Court.

*Discussion*

■ Taking first things first, we conclude that the Brown Act as amended by the addition of section 54952.3 in 1968 creates an exception to the open and public meeting requirements in case of ad hoc advisory committees comprised solely of members of the governing body of the

local agency and which are less than a quorum of the governing body.[2] While it is true that this section defined "legislative body" to include "any advisory commission, advisory committee or advisory body," it expressly contemplates the exclusion of "a committee composed of members . . . which are less than a quorum of such governing body."[3]

It appears that, even prior to the addition of section 54952.3, the term "legislative body" was interpreted by the Attorney General and the courts to exclude less than a quorum committees. In 1958 the Attorney General opined that less than a quorum committees were excluded (32 Ops.Cal.Atty.Gen. 240 (1958)), which opinion was endorsed and quoted from by this court in *Adler* v. *City Council,* 184 Cal.App.2d 763, 771 [7 Cal.Rptr. 805], as follows: " 'Ordinarily, a committee is composed of less than a quorum of the legislative body that has created it. In those cases the findings of such a committee have not been deliberated upon by a quorum of the legislative body and the necessity, as well as opportunity, for full public deliberation by the legislative body still remains. Thus the public's rights under the secret meeting law are protected. Therefore, meetings of committees of local agencies where such committees consist of less than a quorum of the members of the legislative body are not covered by the act.' " (See also 42 Ops.Cal.Atty.Gen. 61, 64 (1963).)

Responding to the *Adler* decision, in 1961 the Legislature amended section 54952 and added sections 54952.5, 54952.6 and 54959:

Section 54952: The definition of "legislative body" was amended to include "any board, commission, committee, or other body on which officers of a local agency serve in their official capacity as members and which is supported in whole or in part by funds provided by such agency, whether such board, commission, committee or other body is organized and operated by such local agency or by a private corporation."

Section 54952.5: "As used in this chapter 'legislative body' also includes, but is not limited to, planning commissions, library boards,

---

[2]This section provides in pertinent part: "As used in this chapter 'legislative body' also includes any advisory commission, advisory committee or advisory body of a local agency, created by charter, ordinance, resolution, or by any similar formal action of a governing body or member of such governing body of a local agency. . . . 'Legislative body' as defined in this section does not include a committee composed solely of members of the governing body of a local agency which are less than a quorum of such governing body."

[3]At full complement the board consists of seven members. (Ed. Code, § 1225.) A quorum presumably is a majority of the entire body. (Black's Law Dict. (4th ed.) p. 1421.) The proposed committees consisting of three members of the board are by definition less than a quorum.

recreation commissions, and other permanent boards or commissions of a local agency."

Section 54952.6: "As used in this chapter, 'action taken' means a collective decision made by a majority of the members of a legislative body, a collective commitment or promise by a majority of the members of a legislative body to make a positive or a negative decision, or an actual vote by a majority of the members of a legislative body when sitting as a body or entity, upon a motion, proposal, resolution, order or ordinance."

Section 54959: "Each member of a legislative body who attends a meeting of such legislative body where action is taken in violation of any provision of this chapter, with knowledge of the fact that the meeting is in violation thereof, is guilty of a misdemeanor."

We do not agree with the suggestion that this amendment and these additions extended the act to all committees of the governing body or that two subsequent opinions of the Attorney General (see 43 Ops.Cal. Atty.Gen. 36 (1964) and 42 Ops.Cal.Atty.Gen. 61, 65, *supra* (1963)) disapproved the earlier opinion rendered in 1958. To the contrary we quote from a publication of the Attorney General's office entitled "Secret Meeting Laws Applicable to Public Agencies" (1972) as follows:

"C. THE LESS THAN A QUORUM EXCEPTION

"Permeating the whole coverage or applicability of the Act is what may be termed 'the less than a quorum exception' to the Act. As noted above on the general applicability of the Act, section 54952.3, relating to advisory bodies of the local agency, now expressly codifies this exception *as it relates to such advisory bodies.* Section 54952.3 was added to the Act in 1968. However, since the opinion of this office rendered in 1958 in 32 Ops.Cal.Atty.Gen. 240 (1958), such an exception has been recognized in varying circumstances. In general terms, the concept is that the Act *does not* apply to meetings of committees of less than a quorum of the legislative body of the local agency. This is because the findings of such a committee have not been deliberated upon by a quorum of the legislative body, and consequently the opportunity for a full public hearing and consideration of the committees' findings and recommendations by a quorum still remains. Hence the public's rights under the Act are still protected.

"In 1969, this office expressed the view that 'The resolution of the quorum problem with respect to other legislative bodies, that is, bodies other than the advisory commissions referred to in section 54952.3, should continue to be governed by our prior interpretation of the law as set forth in . . .' our 1958 opinion, I.L. 69-131. Capsulized, this would appear to mean that at least ad hoc, *nonpermanent* committees or boards not formed by formal action such as by charter, ordinance resoltuion [*sic*] or similar formal action would additionally still fall within the 'less than a quorum exception.' The distinction between permanent and ad hoc committees arises by virtue of the addition in 1961 of section 54952.5, making the Act applicable to permanent boards or commissions of a local agency, I.L. 65-67, I.L. 68-106.

"Some examples from our pre-1968 opinions may be helpful to illustrate this distinction. In 1963 we held that an ad hoc committee appointed by the mayor consisting of less than a quorum of the council to study the possible subsidy of a local bus company by the city would be exempt from the Act, I.L. 63-97. In the opinion discussed above wherein we held that the hospital district liaison committee consisting of three board members and three medical staff members was subject to the Act, we stated that 'inasmuch as the Joint Conference Committee is a "permanent committee" ' the Act would be applicable 'regardless of whether the governing body is represented by three or two [less than a quorum] members on the committee,' I.L. 65-57. We also advised in that opinion that if *investigative* committees were to be formed which included less than a quorum of the board, the applicability of the Act would depend upon whether these committees were permanent, or were formed for a limited duration for a specific problem." (At pp. 6-8, italics in original.) The Attorney General's position in this respect has consistently adhered to the less than a quorum exception. (Cf. 51 Ops.Cal.Atty.Gen. 201 (1968); 57 Ops.Cal.Atty.Gen. 209 (1974).) True the opinions of the Attorney General are not binding on the courts (*Lucas* v. *Board of Trustees,* 18 Cal.App.3d 988 [96 Cal.Rptr. 431]), but in the absence of controlling authority we deem the rationale thereof persuasive since the Legislature is presumed to be cognizant of that construction of the statute.[4] (*Lucas, supra,* p. 991; see also *Southwest Explor. Co.* v. *County of Orange,* 44 Cal.2d 549, 554 [283 P.2d 257].) Furthermore we see nothing in *Sacramento Newspaper Guild* v. *Sacramento County Bd. of Suprs.,* 263 Cal.App.2d 41 [69 Cal.Rptr. 480], suggestive much less compelling of a contrary decision herein.

[4]As an aid in the determination of legislative intent, the courts give great weight to Attorney General opinions. (*Worthington* v. *Unemployment Ins. Appeals Bd.,* 64 Cal.App.3d 384, 388-389 [134 Cal.Rptr. 507].)

With respect to the award of attorney's fees, we note that as a general rule such fees are not awardable in the absence of statutory or contractual authority. Although there exists no contractual basis for such an award in this case, Government Code section 54960.5 provides:

"A court may award court costs and reasonable attorney fees to the plaintiff in an action brought pursuant to Section 54960 where it is found that the local agency has violated the provisions of this article. Such costs and fees shall be paid by the local agency and shall not become a personal liability of any public officer or employee thereof.

"A court may award court costs and reasonable attorney fees to a defendant in any action brought pursuant to Section 54960 where the defendant has prevailed in a final determination of such action and the court finds that the action was clearly frivolous and totally lacking in merit."

Section 54960 provides: "Any interested person may commence an action by mandamus, injunction or declaratory relief for the purpose of stopping or preventing violations or threatened violations of this chapter by members of the legislative body of a local agency or to determine the applicability of this chapter to actions or threatened future action of the legislative body." Although these sections authorize an award of fees and costs in an action to prevent violations or threatened violations of the Brown Act, the question remains whether it can be said that "it is found that the local agency has violated the provisions of this article." Under the rules of statutory construction set forth in *Moyer* v. *Workmen's Comp. Appeals Bd.,* 10 Cal.3d 222, 230-231 [110 Cal.Rptr. 144, 514 P.2d 1224], we must conclude that attorney's fees cannot be awarded in the instant case. The statutory language is clear and unambiguous and we have determined that the board has not violated nor threatened to violate any of the provisions of the act.

The judgment is reversed.

Potter, Acting P. J., and Fainer, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.