[Civ. No. 7481. Fifth Dist. June 14, 1984.]

CALIFORNIA TEACHERS' ASSOCIATION et al.,
Plaintiffs and Appellants, v.
PARLIER UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

## COUNSEL

Tuttle & Tuttle, Ernest H. Tuttle III and Kay M. Tuttle for Plaintiffs and Appellants.

Finkle & Stroup, Brian J. McCully and Mary Beth de Goede for Defendants and Respondents.

## OPINION

**FRANSON, Acting P. J.—**

### STATEMENT OF THE CASE

Appellants are teachers (and teachers' associations) employed by respondent school districts in the Fresno area. This appeal involves teachers' statutory right to "differential" compensation under Education Code section 44977.[1]

---

[1]Education Code section 44977 reads: "When a person employed in a position requiring certification qualifications is absent from his duties on account of illness or accident for *a period of five school months or less,* whether or not the absence arises out of or in the course of the employment of the employee, the amount deducted from the salary due him for any month in which the absence occurs shall not exceed the sum which is actually paid a substitute employee employed to fill his position during his absence, or, if no substitute employee was employed, the amount which would have been paid to the substitute had he been employed. The school district shall make every reasonable effort to secure the services of a substitute employee.

"The governing board of every school district shall adopt a salary schedule for substitute employees. The salary schedule shall indicate a salary for a substitute for all categories or classes of certificated employees of the district.

"Excepting in a district the governing board of which has adopted a salary schedule for substitute employees of the district, the amount paid the substitute employee during any month shall be less than the salary due the employee absent from his duties.

"When a person employed in a position requiring certification qualifications is absent from his duties on account of illness for a period of more than five school months, or when a person is absent from his duties for a cause other than illness, the amount deducted from the salary due him for the month in which the absence occurs shall be determined according to the rules and regulations established by the governing board of the district. Such rules

The precise question before us is whether the differential compensation provided to certificated employees under section 44977 is to be paid for short term (10 school days or less) noncontinuous absences after exhaustion of regular sick leave under section 44978.[2] Teachers contend they are entitled to differential pay for each day missed due to illness or accident following exhaustion of their sick leave. Districts, however, contend that teachers are not entitled to differential pay until after a 10-day *waiting period* following exhaustion of sick leave. If a teacher is not absent for more than 10 school days (which could involve an illness of 2 calendar weeks) after exhaustion of sick leave, the teacher is not entitled to differential pay.

This controversy has been brewing since the 1980-1981 school year.[3] Resolution requires a judicial construction of facially clear but analytically

and regulations shall not conflict with rules and regulations of the State Board of Education.

"Nothing in this section shall be construed so as to deprive any district, city, or city and county of the right to make any reasonable rule for the regulation of accident or sick leave or cumulative accident or sick leave without loss of salary for persons acquiring certification qualifications.

"This section shall be applicable whether or not the absence from duty is by reason of a leave of absence granted by the governing board of the employing district." (Italics added.)

All references will be to the Education Code unless otherwise noted.

[2]Education Code section 44978 reads: "Every certificated employee employed five days a week by a school district *shall be entitled to 10 days' leave of absence for illness or injury* and such additional days in addition thereto as the governing board may allow for illness or injury, exclusive of all days he is not required to render service to the district, with full pay for a school year of service. A certificated employee employed for less than five schooldays a week shall be entitled, for a school year of service, to that proportion of 10 days' leave of absence for illness or injury as the number of days he is employed per week bears to five and is entitled to such additional days in addition thereto as the governing board may allow for illness or injury to certificated employees employed for less than five schooldays a week. *Pay for any day of such absence shall be the same as the pay which would have been received had the employee served during the day.* Credit for leave of absence need not be accrued prior to taking such leave by the employee and such leave of absence may be taken at any time during the school year. If such employee does not take the full amount of leave allowed in any school year under this section *the amount not taken shall be accumulated from year to year* with such additional days as the governing board may allow.

"The governing board of each school district shall adopt rules and regulations requiring and prescribing the manner of proof of illness or injury for the purposes of this section. Such rules and regulations shall not discriminate against evidence of treatment and the need therefor by the practice of the religion of any well-recognized church or denomination.

"Nothing in this section shall be deemed to modify or repeal any provision of law contained in Chapter 3 (commencing with Section 3110) of Division 4 of the Health and Safety Code.

"*The provisions of Section 44977 relating to compensation, shall not apply to the first 10 days of absence on account of illness or accident* of any such employee employed five days a week or to the proportion of 10 days of absence to which such employee employed less than five days a week is entitled hereunder on account of illness or accident or to such additional days granted by the governing board. Any employee shall have the right to utilize sick leave provided for in this section and the benefit provided by Section 44977 for absences necessitated by pregnancy, miscarriage, childbirth, and recovery therefrom." (Italics added.)

[3]It was stipulated below that prior to the 1980-1981 school year, the districts paid teachers

uncertain language in the last paragraph of section 44978. If the differential pay question is decided in teachers' favor, then a second question is presented: can the teachers through their collective bargaining representatives waive the right to differential pay under section 44977? This question arises because teachers in the Sanger Unified School District and the Parlier Unified School District entered into collective bargaining contracts that impose a waiting period before the right to differential pay begins. This waiting period is 10 days in the Parlier school district and 5 days in the Sanger school district. Teachers in each district contend their right to differential pay following exhaustion of sick leave is not waivable. They cite Education Code section 44924 which provides in part that ". . . any contract or agreement, express or implied, made by any employee to waive the benefits of this chapter [4] or any part thereof is *null and void.*" (Italics added.) Section 44977 is part of chapter 4, so the statutory prohibition against waiving differential compensation applies.

The trial court construed the 10-day limitation provision contained in section 44978 as requiring "the imposition of a 10-day waiting period between the exhaustion of regular sick leave [under § 44978] and the commencement of differential pay benefits [under § 44977] . . . ."

DISCUSSION

I

*Do teachers have a statutory right to differential pay immediately after exhaustion of sick leave?*

We answer this question in the affirmative.

The basic controversy surrounds the meaning to be given the last paragraph of section 44978 governing sick leave. This paragraph provides, "The provisions of Section 44977 relating to compensation, shall not apply to the first 10 days of absence on account of illness or accident . . . ." For many years the school districts interpreted this provision as simply meaning that until the sick leave authorized by section 44978 was exhausted, a teacher was not entitled to differential pay, i.e., there should be no duplication of benefits under the sick leave and differential compensation statutes. This made good sense. In the 1980-1981 school year, however, the Fresno and

---

their differential pay automatically and without any waiting time for all days of absence caused by illness or accident following exhaustion of sick leave.

Differential compensation and sick leave statutes similar to sections 44977 and 44978 have been a part of the California Education Code since *1943.*

Selma school districts on the advice of counsel unilaterally imposed a 10-day waiting period after exhaustion of sick leave before giving differential pay. At about the same time, the Sanger and Parlier school districts negotiated collective bargaining agreements with 10-day and 5-day waiting periods between exhaustion of sick leave and the right to differential pay.

■ The longstanding (36-year) administrative interpretation of the meaning of the 10-day limitation provision of section 44978 is important to our interpretation of the statutory provision. "The contemporaneous construction given to a statute by the administrative officials charged with its enforcement or interpretation, including their construction of the authority invested in them to implement and carry out its provisions, is not necessarily controlling but is entitled to great weight, and will be followed unless it is clearly erroneous or unauthorized." (58 Cal.Jur.3d, Statutes, § 169, pp. 573-574.)

■ Whenever possible, effect should be given to the statute as a whole, and to its every word and clause so that no part or provision will become useless or meaningless, since it is presumed that every word and provision was intended to have some meaning and function. (*Id.,* § 105, at pp. 479-480.) Nevertheless, the mere literal construction of a statutory provision will not prevail if it is contrary to the legislative intent as made apparent by the statute. (*Id.,* § 99, at pp. 465-468.) In short, the various parts of a statutory enactment must be *harmonized* by considering the particular clause or section in the context of the statutory framework as a whole. (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 659 [147 Cal.Rptr. 359, 580 P.2d 1155].)

■ Since section 44978 refers to and limits section 44977, we must harmonize these statutes. In doing so, we conclude that sections 44978 and 44977 work together to create a unified framework governing school district compensation of certificated employees during unavoidable absences caused by accident and illness. Their obvious purpose is to provide economic security to teachers who are unable to teach because of accident or illness. Standing alone, section 44977 contains no hint that short term absences are excluded from its purview. While it provides a five-month limit on the entitlement to differential pay, it mentions no minimum period of absence. Although the statute gives school districts rulemaking authority to cover absences of more than five months' duration, there is no similar provision for brief noncontinuous absences. Accordingly, the clear inference arises from section 44977 that no period is too brief to be covered.[4]

---

[4]Districts' argument that a "period" as used in the phrase "a period of five school months or less" contained in section 44977 means a continuous, consecutive period of time, so that it does not apply to sporadic, short term, noncontinuous absences does not fly. Any single

We next observe section 44978's use of the term "absence" in its provision for 10 days' "leave of absence for illness or injury" with full pay. There is no question but that this entitlement can be used or accumulated one day at a time. There is no minimum duration for an absence to qualify as sick leave. In one sense, districts' contention is that the last paragraph of section 44978 uses the same term "absence" to refer to a separate and continuous 10-day period, which must happen all at once to exhaust the "waiting period" and trigger benefits under section 44977. To be consistent with the section's first paragraph, however, this 10 days of absence should also be divisible, like the "leave of absence" in the first paragraph. If so, the "first 10 days of absence" mentioned in the last paragraph would be exhausted at the same time as that year's "10 days leave of absence." Overlap due to accumulated sick leave would have no effect.

Sick leave under section 44978 and differential pay under section 44977 are distinct, mutually exclusive concepts. The first permits no deductions from the teacher's salary during absence and continues as long as the teacher has current and accumulated days of sick leave. The second concept—reduced compensation—comes into play only after sick leave has been exhausted and permits the district to deduct the cost of a substitute teacher from the teacher's salary.

The 10-day limitation on "[t]he provisions of Section 44977 relating to compensation" contained in the last paragraph of section 44978 complicates the matter. This phrase can be interpreted in two ways: One, that differential pay, i.e., the difference between the teacher's salary and the cost of a substitute, shall not be paid to the teacher during the first 10 days of absence, notwithstanding the fact the teacher has no current or accumulated sick leave. This was the trial court's interpretation and results in the teacher receiving no compensation during the first 10 days of illness. This interpretation, however, is contrary to the legislative purpose of providing financial security to teachers during absences of "five months *or less*" as provided by section 44977.

A second interpretation of the 10-day limitation on the application of the provisions of section 44977 contained in section 44978 and the one which we believe to be the most reasonable is that the district may not deduct the cost of a substitute from the teacher's pay during the first 10 days of ab-

---

absence—even for one day—is "continuous." If the Legislature wanted to provide benefits under section 44977 for periods of less than five months and more than ten days, it could have said so; it did not. It provided for periods of "five school months or less." The "or less" language obviously extends section 44977's coverage to any period of absence that is *less than* five months' duration, including periods of one day.

sence. We believe this is what the Legislature intended when it said "[t]he provisions of Section 44977 relating to compensation, shall not apply to the first 10 days of absence." The limiting provision was put in to insure that the teachers would receive full pay during their sick leave entitlement and that a district would not attempt to deduct the cost of a substitute from the teacher's salary. This interpretation protects section 44978's guarantee that "[p]ay for any day of such absence shall be the same as the pay which would have been received had the employee served during the day." This interpretation is also consistent with the legislative intent of providing economic security to a teacher during absence caused by accident or illness. It also accords with the longstanding administrative interpretation of the statutory scheme by the districts.

We recognize that problems arise under either interpretation discussed above. As to the first interpretation—that differential pay shall not be paid to the teacher during the first 10 days of absence—it could be inferred that differential pay would commence on the 11th day of absence notwithstanding the teacher had more than 10 days of sick leave accumulated. Such an inference, however, should not be drawn since it would produce an absurd result; it would provide an absent teacher with benefits under both sections at the same time which obviously was not intended by the Legislature.[5]

Under the second interpretation—that the district may not deduct the cost of a substitute from the teacher's pay during the first 10 days of absence—it could be inferred that the districts should be able to deduct the cost of a substitute from the teacher's salary after the expiration of 10 days' absence even though the teacher had coming more than 10 days of sick leave. This also is an unacceptable result because it would conflict with section 44978's specific language guaranteeing full pay to the employee during sick leave. The specific guarantee controls over any possible inference that section 44977 would allow a deduction for a substitute's cost before exhaustion of sick leave.

---

[5]The trial court's understandable concern about duplicative benefits contributed to its holding that a 10-day waiting period was required before differential compensation could be paid. The court said, "Unless the ten day period referred to in the last paragraph of Section 44978 *follows* the exhaustion of . . . sick leave, . . . certificated employees . . . would be entitled to differential pay benefits . . . on the eleventh day of absence, notwithstanding receipt of full salary under the accumulated leave provisions."

As we have explained, however, any inference that differential pay would commence after 10 days of sick leave, notwithstanding the teacher still had sick leave coming, would be unreasonable and should be ignored as contrary to the legislative intent. "The language of a statutory provision should not be construed so as to nullify the will of the legislature or cause the law to come into conflict with the apparent purpose which the lawmakers had in view." (58 Cal.Jur.3d, Statutes, § 99, p. 465.)

Districts' argument that our interpretation of section 44977 would effectively create "earned sick leave of five months in a single year," citing *Lakeside Federation of Teachers* v. *Board of Trustees* (1977) 68 Cal.App.3d 609, 619 [137 Cal.Rptr. 517] is misguided. Neither section 44978 nor section 44977 provides that sick leave must be *earned*. *Lakeside* allowed a teacher to collect her full five months differential pay even though she had not "earned" any of it. Districts have picked out part of one sentence, ". . . it would be absurd to suppose that there could be *earned* sick leave of five months in a single year . . ." and used it out of context to argue that it is contrary to teachers' interpretation of this statute. *Lakeside* does not reach the issue presented in this case.

Districts cite *Jefferson Classroom Teachers Assn.* v. *Jefferson Elementary School Dist.* (1982) 137 Cal.App.3d 993 [187 Cal.Rptr. 542] for the following comment: "*While District is free to define the minimum length of time an employee must be absent because of illness or accident after exhaustion of normal sick leave before he or she is eligible for extended sick leave benefits,* it may not condition such benefits on the requirement that the illnesses or accidents be continuous in time or effect with illnesses or accidents that formed the basis for regular sick leave benefits provided under section 44978." (*Id.,* at pp. 1000-1001, italics added.) This dictum on a school district's "freedom" to define a minimum absence as a prerequisite to eligibility for extended sick leave benefits is unrelated to the rest of the *Jefferson* opinion and equally unrelated to the issue that was before the court. We reject this comment as precedent for the present case. If it were literally correct, it would allow a school district to emasculate section 44977's benefits.

Finally, districts' literal interpretation of the fifth paragraph of section 44977 which gives school districts power to regulate sick leave policies to support the imposition of a waiting period falls by a reading of the statute. Section 44977 only authorizes the regulation of sick leave ". . . *without loss of salary.*" Since the imposition of a waiting period results in a loss of salary for whatever period selected, it is beyond the statutory authority.

We conclude that a teacher has a statutory right to differential compensation for any absence of five months or less, such pay to commence immediately upon exhaustion of all sick leave. This interpretation results from a reconciliation of the uncertain provisions of sections 44977 and 44978 and accords with the fundamental legislative purpose of providing certificated employees with financial security during most absences caused by accident or illness however short in duration. We believe the provision in section 44978 that the compensation provisions of section 44977 shall not apply to

the first 10 days of absence was merely a legislative attempt to "clarify" what should have been apparent from both statutes: that a district may not deduct the cost of a substitute teacher from the absent teacher's salary during sick leave. Any suggestion from a literal reading of the statute that the prohibition is limited to 10 days of absence where a teacher has more than 10 days of sick leave coming must be ignored to accommodate the legislative intent of providing full pay to teachers during sick leave.

## II

*Is teachers' right to immediate differential pay after exhaustion of sick leave waivable by collective bargaining?*

We answer this question in the negative.

Collective bargaining agreements in Parlier and Sanger school districts establish 10- and 4-day waiting periods before differential pay is made available to absent teachers. Education Code section 44924[6] prohibits waiver of the benefits contained in sections 44800 through 45060. There can be no question that section 44977 is included. (*Jefferson Classroom Teachers Assn.* v. *Jefferson Elementary School Dist., supra,* 137 Cal.App.3d 993, 1000.)

Districts' attempt to distinguish *Jefferson Classroom Teachers Assn.* v. *Jefferson Elementary School Dist., supra,* 137 Cal.App.3d 993 fails. That case held that a collective bargaining agreement could not waive the benefits provided by Education Code section 44977. (*Id.,* at p. 1000.) The court considered a collective bargaining agreement that withheld differential pay unless the illness which caused the absence was *continuous* with the illness which exhausted the teacher's sick leave.

Districts argue that section 44924 only prohibits waiver in individual teacher employment contracts but not in collective bargaining agreements. However, section 44924 refers to "any contract or agreement . . ." not simply to "any individual employment contract."

Government Code sections 3540-3549.3 establish a system of collective bargaining for school district employees. Government Code section 3540 provides that "[n]othing contained herein shall be deemed to supersede oth-

---

[6]Education Code section 44924 reads: "Except as provided in Sections 44937 and 44956, any contract or agreement, express or implied, made by any employee to waive the benefits of this chapter or any part thereof is null and void."

er provisions of the Education Code . . . ." Thus, if there is a conflict between the Government Code provisions regarding collective bargaining powers and Education Code sections creating nonwaivable rights, the Education Code prevails. Respondents' reliance on Government Code section 3543.2 is thus misplaced.

Districts' other argument also fails to survive analysis. They cite *Glendale City Employees' Assn., Inc.* v. *City of Glendale* (1975) 15 Cal.3d 328, 336-337 [124 Cal.Rptr. 513, 540 P.2d 609] to support their claim that policies favoring collective bargaining would be defeated by allowing the teachers here to repudiate an illegal term of their contract. *Glendale* dealt with a situation where city officials ignored a collective bargaining agreement *without* any statutory or other legally cognizable reason to consider it invalid. The instant case is quite different. Education Code section 44924, makes the Sanger and Parlier contract provisions "null and void." Teachers' attempt to have the contract provisions *declared* null and void in this litigation is therefore an altogether different attack on the collective bargaining agreement than that involved in *Glendale*. Teachers are not simply ignoring a valid, binding agreement.

The judgment is reversed.

Zenovich, J., and Hanson (P. D.), J., concurred.

A petition for a rehearing was denied July 10, 1984, and respondents' petition for a hearing by the Supreme Court was denied August 23, 1984.