[No. B027526. Second Dist., Div. Five. June 24, 1988.]

LOTTIE LUTE, Plaintiff and Respondent, v.
GOVERNING BOARD OF THE COVINA-VALLEY UNIFIED
SCHOOL DISTRICT, Defendant and Appellant.

**COUNSEL**

De Witt W. Clinton, County Counsel, and Martha A. Torgow, Deputy County Counsel, for Defendant and Appellant.

Reich, Adell & Crost, Paul Crost and Marianne Reinhold for Plaintiff and Respondent.

**OPINION**

**LUCAS, P. J.**—The Governing Board of the Covina-Valley Unified School District (District) appeals from a judgment granting the petition of respondent teacher Lottie Lute (Lute) for issuance of a peremptory writ of mandate ordering payment of certain sick leave benefits and attorneys fees. We reverse the judgment.

FACTS

In January of 1959, Ms. Lute commenced employment with the District as a certificated teacher, employed to work five days a week.

At the beginning of the 1984-1985 school year Ms. Lute had 34¾ days of accrued sick leave. In accordance with a collective bargaining agreement (Agreement) between the District and the Covina Unified Education Association, CTA/NEA, she was credited in advance of accrual with an additional 11 days of sick leave for the 1984-1985 school year, resulting in a total of 45¾ days of available leave for injury or illness.[1]

Ms. Lute became ill and exhausted all of her sick leave during the period from September 27 to December 17. During this time, Ms. Lute received her full salary. However, because of her continuing illness, Ms. Lute was unable to return to work on December 17. Under the Agreement, Ms. Lute was eligible to receive "differential pay" while absent because of illness or injury for a period of up to five school months each school year.[2] "Differential pay" is the difference between the regular salary of the absent teacher and the per diem rate which would be paid to a certificated substitute.

The District calculated that the five-school-months period commenced after the 11 days of sick leave allotted for the current year had been exhausted, which occurred on October 24, and ran concurrently with the remaining 34¾ days of accumulated sick leave, which were exhausted on December 17. The five-school-months period would end on March 12, 1985. Based on this calculation and on the fact that Ms. Lute had received her full salary while absent on current and then accumulated sick leave, the District paid her differential pay from December 17, 1984, to March 12, 1985.

Her illness continued, and Ms. Lute received no salary for the period between March 12 and her return to work on April 8.

Ms. Lute believed that certain provisions of the Education Code required the District to commence the five-school-months period of additional sick leave after current *and* accumulated sick leave had been exhausted. Under this contention, Ms. Lute would have received differential pay from December 17, 1984, until her return to work on April 8, 1985. She successfully petitioned the superior court for issuance of a writ of mandate ordering the District to pay respondent the sick leave benefits owed under her interpreta-

---

[1] Under the Agreement, sick leave must be taken in "2-hour (one-quarter day) units." The District's calculation of the amounts of sick leave used is not in issue, and in the interest of clarity we have omitted references to fractions of days and the dates on which leave was used whenever such information appeared to be superfluous to an understanding of the issues.

Accrued sick leave which is unused is accumulated from year to year without limit.

[2] Education Code section 37201, subdivision (a), provides in relevant part that "A school month is 20 days or four weeks of five days each, including legal holidays . . . ."

tion of the Education Code. Ms. Lute also prayed for reasonable attorneys fees under Government Code section 800. The trial court awarded Ms. Lute $1,500 in attorneys fees with reference to Government Code section 800 and Code of Civil Procedure section 1021.5.

The District appeals the judgment.

## DISCUSSION

 The District contends that the five-school-months period of differential pay, which is mandated under Education Code section 44977[3] and provided for in the Agreement, runs concurrently with, and not consecutively to, the period of accumulated sick leave.

Section 44977 does not address the issue of when the five-school-months period is to commence,[4] but certain language in section 44978[5] relates to the problem. This section provides in part that full-time, certificated employees are entitled to 10 days of sick leave "and such additional days in addition thereto as the governing board may allow for illness or injury . . . with full pay for a school year of service." It also provides that "[t]he provisions of Section 44977 relating to compensation, shall not apply to the first 10 days

---

[3] All references are to the Education Code unless otherwise indicated.

Section 44977 provides in relevant part as follows: "When a person employed in a position requiring certification qualifications is absent from his duties on account of illness or accident for a period of five school months or less, whether or not the absence arises out of or in the course of the employment of the employee, the amount deducted from the salary due him for any month in which the absence occurs shall not exceed the sum which is actually paid a substitute employee employed to fill his position during his absence or, if no substitute employee was employed, the amount which would have been paid to the substitute had he been employed. . . ."

[4] However, the collective bargaining Agreement provided that "[t]he five-school-month period . . . commences when the employee is absent from duty on account of illness or injury and has exhausted the sick leave accruable for the current fiscal year and runs concurrently with other paid leaves, including but not limited to regular sick leave, holidays, and vacation . . . ."

[5] Section 44978 provides in pertinent part: "Every certificated employee employed five days a week by a school district shall be entitled to 10 days' leave of absence for illness or injury and such additional days in addition thereto as the governing board may allow for illness or injury, exclusive of all days he is not required to render service to the district, with full pay for a school year of service. . . . Pay for any day of such absence shall be the same as the pay which would have been received had the employee served during the day. Credit for leave of absence need not be accrued prior to taking such leave by the employee and such leave of absence may be taken at any time during the school year. If such employee does not take the full amount of leave allowed in any school year under this section the amount not taken shall be accumulated from year to year with such additional days as the governing board may allow. . . . [¶] The provisions of Section 44977 relating to compensation, shall not apply to the first 10 days of absence on account of illness or accident . . . or to such additional days granted by the governing board. . . ."

of absence on account of illness or accident . . . or to such additional days granted by the governing board. . . ."

As set forth above, under the Agreement with the District, Ms. Lute was entitled to 11 days of sick leave for the 1984-1985 school year, credited in advance of accrual. This represents one day more than the minimum ten days required by section 44978. The District commenced the running of the five-school-months period after all eleven days had been exhausted. The District's action complies with the language of section 44978 which directs that the differential pay provisions of 44977 shall not apply to the first 10 days of sick leave or to the additional days of sick leave granted by the governing board. (See *California Teachers' Assn.* v. *Parlier Unified School Dist.* (1984) 157 Cal.App.3d 174, 180-181 [204 Cal.Rptr. 20].) However, no language in section 44978 specifically addresses commencement of the five-school-months period relative to the use of a period of accumulated sick leave.

Ms. Lute argues that based on certain language in *Jefferson Classroom Teachers Assn.* v. *Jefferson Elementary School Dist.* (1982) 137 Cal.App.3d 993 [187 Cal.Rptr. 542], and *Parlier, supra,* the five-school-months period commenced after all sick leave had been exhausted. However, neither *Jefferson* nor *Parlier* reached the specific issue presented in the case at bar. In *Jefferson,* the issue was whether section 44977 differential pay was available to a teacher who had exhausted the sick leave pay provided under section 44978 but whose current illness or injury was not continuous with that which had caused the teacher to use the section 44978 sick leave. In *Parlier,* the issue was whether section 44977 required a 10-day waiting period between the exhaustion of sick leave benefits provided under section 44978 and the commencement of section 44977 differential pay benefits. Neither case makes a specific reference to accumulated sick leave.

At the time of its decision in the instant case, the trial court did not have the benefit of *Napa Valley Educators' Assn.* v. *Napa Valley Unified School Dist.* (1987) 194 Cal.App.3d 243 [239 Cal.Rptr. 395], which considered our identical issue in a case with facts very similar to those in the instant case. In *Napa Valley,* a teacher had accumulated 134 days of sick leave. Because of illness, the teacher requested an indefinite leave of absence, which lasted the entire school year. Pursuant to policy, the school district paid the teacher his full salary for the period of his current and accumulated sick leave and counted the period of differential pay from the end of 10 days of current sick leave. The five-school-months period during which the teacher was entitled to differential pay was exhausted while he was receiving full pay on sick leave, and after this period he was left with no salary for approximately two months. A collective bargaining agreement regarding differential pay was in effect, and originally both the school district and the

teachers' association understood that the period for differential pay ran concurrently with accumulated sick leave after exhaustion of the 10 days of current sick leave. However, based on *Jefferson, Parlier,* and *California Teachers' Assn.* v. *Governing Board* (1983) 145 Cal.App.3d 735 [193 Cal.Rptr. 650] [entitlement to differential pay is a separate entitlement for each school year], the teachers' association was advised by legal counsel that the differential pay period ran consecutively to the accumulated sick leave. The school district disagreed, and the teacher petitioned for a writ of mandate in order to determine the issue.

In its analysis, the *Napa* court considered the language of *Jefferson* (also decided by the *Napa* court), *Parlier, California Teachers' Assn.,* and additional cases; section 44977 and section 44978 and its legislative history; certain opinions of the Attorney General; and long-standing administrative practice.

The *Napa* court concluded that *Jefferson, Parlier,* and *California Teachers' Assn.* neither addressed nor decided the issue. In construing the Education Code, *Napa* noted that "as originally enacted the sick leave statute provided for five days of sick leave per year and the limiting provision precluded application of the differential pay statute to the first five days of absence. [Citations.] In subsequent amendments, the limiting provision has referred to five days when the statute provided for five days of annual sick leave and to ten days when the statute provided for ten days of such leave. [Citations.] In all of these amendments, the statute has provided that unused annual sick leave should accumulate from year to year. Had the Legislature intended that the differential pay statute not apply during the period of accumulated sick leave rather than only during the period of current leave, it could easily have said so." (194 Cal.App.3d at pp. 250-251.)

The opinions of the Attorney General reviewed by the *Napa* court consistently interpreted the period of differential pay to commence after the 10-day period of current sick leave. (29 Ops.Cal.Atty.Gen. 62, 63 (1957) [§ 13841, predecessor of § 44977]; 30 Ops.Cal.Atty.Gen. 307, 309 (1957) [§ 13841]; 53 Ops.Cal.Atty.Gen. 111, 113 (1970) [§ 13468, predecessor of § 44978].) (No more recent opinion has addressed this issue.) ▇ While not binding, opinions of the Attorney General are entitled to great weight and are persuasive in the absence of controlling authority "since the Legislature is presumed to be cognizant of that construction of the statute." (*Henderson* v. *Board of Education* (1978) 78 Cal.App.3d 875, 883 [144 Cal.Rptr. 568]; *Napa Valley Educators' Assn.* v. *Napa Valley Unified School Dist., supra,* 194 Cal.App.3d at p. 251.)

The record in *Napa* showed that a number of California school districts had for many years interpreted sections 44977 and 44978 to require that the

differential pay period ran concurrently with accumulated sick leave. (At pp. 252-253.) In the case at bar, the collective bargaining agreement sets for the same requirement. (See fn. 4, *ante.*) ■ As stated in *Horn* v. *Swoap* (1974) 41 Cal.App.3d 375, 382 [116 Cal.Rptr. 113], and quoted in *Napa, supra,* 194 Cal.App.3d at page 252, "The Legislature is presumed to be aware of a long-standing administrative practice . . . . If the Legislature . . . makes no substantial modifications to the act, there is a strong indication that the administrative practice was consistent with the legislative intent."

The *Napa* court affirmed the trial court's denial of the petition and held that "[t]here is simply nothing in sections 44977 and 44978 to indicate that the Legislature meant the period for differential pay to begin after exhaustion of all accumulated sick leave." (At pp. 252-253.)

■ Ms. Lute fails to distinguish the present case from *Napa.* We find ourselves in accord with the *Napa* court and hold that the period for differential pay begins after exhaustion of current sick leave and runs concurrently with accumulated sick leave. Because of this holding, we do not reach the issue of attorneys fees.

DISPOSITION

The judgment is reversed. Costs are awarded to appellant District.

Boren, J., and Kennard, J., concurred.