TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 94-516 |
| of | : | |
| | : | September 7, 1994 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

MAJOR GENERAL TANDY K. BOZEMAN, THE ADJUTANT GENERAL, CALIFORNIA MILITARY DEPARTMENT, has requested an opinion on the following question:

For purposes of determining a public employee's right to a paid military leave of absence, is all prior military service to be counted as public agency service when calculating whether the employee has been employed with the public agency for a minimum of one year at the time of taking the military leave?

CONCLUSION

For purposes of determining a public employee's right to a paid military leave of absence, all prior military service is to be counted as public agency service when calculating whether the employee has been employed with the public agency for a minimum of one year at the time of taking the military leave.

ANALYSIS

A number of provisions of the Military and Veterans Code set forth various rights of public employees with respect to their service in the military and naval forces. (Mil. & Vet. Code, §§ 389-399.5.)[1] Sections 395 and 395.01 are the focus of this request for our opinion and set forth certain

_____

[1] All section references are to the Military and Veterans Code unless otherwise indicated.

benefits with respect to employment and compensation for a temporary military leave of absence. Section 395 provides:

"Any public employee who is a member of the reserve corps of the armed forces of the United States or of the National Guard or the Naval Militia shall be entitled to a temporary military leave of absence as provided by federal law while engaged in military duty ordered for purposes of active military training, encampment, naval cruises, special exercises or like activity as such member, providing that the period of ordered duty does not exceed 180 calendar days, including time involved in going to and returning from such duty, and provided that paid military leave of absence is not required for periods of inactive military duty.

"He shall have an absolute right to be restored to his former office or position and status formerly had by him in the same locality and in the same office, board, commission, agency or institution of the public agency upon the termination of such temporary military duty. If the office or position has been abolished or otherwise has ceased to exist during his absence, he shall be reinstated to a position of like seniority, status, and pay if such position exists, or if no such position exists he shall have the same rights and privileges that he would have had if he occupied the position when it ceased to exist and had not taken temporary military leave of absence.

"*Any public employee who has been in the service of the public agency from which the leave is taken for a period of not less than one year immediately prior to the date upon which his temporary military leave of absence begins*, shall receive the same vacation, sick leave, and holiday privileges and the same rights and privileges to promotion, continuance in office, employment, reappointment to office, or reemployment that he would have enjoyed had he not been absent therefrom; excepting that an uncompleted probationary period if any in the public agency must be completed upon reinstatement as provided by law or rule of the agency. *For the purposes of this section, in determining the one year of service in a public agency all service of said public employee in recognized military service shall be counted as public agency service . . . .*" (Emphasis added.)

Section 395.01 provides:

"(a) *Any public employee* who is on temporary military leave of absence for military duty ordered for purposes of active military training, encampment, naval cruises, special exercises, or like activity as such member, provided that the period of ordered duty does not exceed 180 calendar days including time involved in going to and returning from the duty, but not for inactive duty such as scheduled reserve drill periods, and *who has been in the service of the public agency from which the leave is taken for a period of not less than one year immediately prior to the day on which the absence begins* shall be entitled to receive his salary or compensation as such public employee for the first 30 calendar days of any such absence. Pay for such purposes shall not exceed 30 days in any one fiscal year. *For the purposes of this section, in*

*determining the one year of public agency service, all service of said public employee in the recognized military service shall be counted as public agency service. . . ."* (Emphasis added.)[2]

The issue presented herein concerns the paid leave benefits contained in sections 395 and 395.01 for public employees who have served at least one year with a public agency. May a public employee use prior miliary service as "public agency service" to meet the requirement of having been "in the service of the public agency from which the leave is taken for a period of not less than one year immediately prior to the day on which the military absence begins?" Or do these statutory provisions presuppose that an employee is a "public employee," and that the qualifying one-year military service must thereafter accrue for the special paid leave benefits to be granted? We conclude that any prior miliary service counts as "public agency service" in determining whether an employee has met the one-year requirement of sections 395 and 395.01 for a paid military leave of absence.

"In construing a statute, a court's objective is to ascertain and effectuate the underlying legislative intent." (*Moore* v. *California State Bd. of Accountancy* (1992) 2 Cal.4th 999, 1012.) "In determining intent, we look first to the language of the statute, giving effect to its `plain meaning.'" (*Kimmel* v. *Goland* (1990) 51 Cal.3d 202, 208-209.) Also "`we must examine the legislative history and statutory context of the act under scrutiny.' [Citation.]" (*Long Beach Police Officers Association* v. *City of Long Beach* (1988) 46 Cal.3d 736, 743.) "[T]he wider historical circumstances of its enactment are legitimate and valuable aids in divining the statutory purpose." (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844.)

Initially, we note that the code provisions state that "all service" in a "recognized military service" is to be considered as "public agency service." Thus, the wording of the two statutes appears straightforward; we may give the language its "plain meaning" to effectuate the intent of the Legislature. Moreover, we believe that the legislative histories of these statutes remove any claim of a latent ambiguity.

The basic terms of sections 395 and 395.01 have been contained in California law since 1929 (Stats. 1929, ch. 120; former § 195), that is, the right of a public employee to attend military or naval duty without prejudice to employment benefits and to receive 30-days compensation therefor. In 13 Ops.Cal.Atty.Gen. 6 (1949), 14 Ops.Cal.Atty. Gen. 228 (1949), and 14 Ops.Cal.Atty.Gen. 229 (1949), we examined the language of section 395 when it applied to "[e]very officer and employee of the State, or of any county, municipal corporation, school district, irrigation district, water district, or other district." The statute then also stated that "in determining said one year of state [qualifying] service all service of said officer or employee in the Army of the United States, Marine Corps, Coast Guard or other federal military service during World War II may be counted as state service for the purposes of this section." In our three 1949 opinions we concluded that World War II service could be "tacked on" or combined with the public agency service to meet the one-year qualification even where the two were separated by an intervening time period. Accordingly, as we construed the statute in

_____

[2]Section 395.02 is a similar provision as to receipt of 30-days compensation for other than a temporary military leave of absence.

1949, it could not be urged that the employee had to be a "public employee" prior to the time the one year of qualifying military service commenced.

In 1951 section 395 was amended, and section 395.01 and other related statutes were enacted. (Stats. 1951, ch. 1561.) The 1951 legislation made the paid military leave and other benefits applicable to "public employees" in general, required the one-year qualifying service to immediately precede the beginning of the temporary military service, and provided that for purposes of the one-year requirement "all service of said public in the recognized miliary service shall be counted as public agency service."

The 1951 legislation was enacted as an urgency measure. The statement by the Legislature declaring the urgency of the enactment was as follows:

"Due to the Korean crisis and the unsettled world conditions many thousands of public employees, including more than 1,000 state employees, are now on military leaves of absence and serving with the armed forces. The rights of such persons under existing provisions of the Military and Veterans Code are uncertain due to ambiguities in the existing law. This uncertainty has and will continue to result in delayed actions on the claims of such employees and has further resulted in hardship to the employees involved and to their families. These conditions may well affect the morale of those employees who are now in the armed forces and render them less able to perform their military duties. It is therefore necessary that this act take effect immediately." (Stats. 1951, ch. 1561, § 10.)

The 1951 legislation added section 389, which provides:

"(a)  As used in this chapter . . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d)  `Armed forces' or `armed forces of the United States' means the `armed forces' as defined in Section 18540 of the Government Code.

"(e)  `Recognized military service' means service as defined in Section 18540.3 of the Government Code."

Section 18540 of the Government Code in turn states:

"`Armed forces' means the United States Air Force, Army, Navy, Marine Corps, Coast Guard, Revenue Marine Service, and the Army and Navy Nurse Corps. Active service as a nurse in the American Red Cross during World War I shall be considered service in the `armed forces'."

Section 18540.3 of the Government Code also provides:

"`Recognized military service' means full-time service by a person in the armed forces during the national emergency or a state military emergency."

And to complete the sequence, Government Code section 18540.1 defines "national emergency" as "any period in which the United States is at war prior to the declaration by the Governor of a state military emergency," while Government Code section 18540.2 defines "state military emergency" as "an emergency declared and terminable by the Governor by proclamation during, but not limited to, such times as the United States is conscripting personnel for service in the armed forces."

It is thus seen that in 1951, the Legislature expanded a public employee's rights as expressed in prior section 395 with respect to World War II service. By replacing "service during World War II" with "recognized military service," military and naval service was broadened to include all such service during a war, national emergency, or state military emergency. The pre-1951 "World War II" service was, in effect, subsumed in the term "recognized military service."

The conclusions of our 1949 opinions -- that all prior (World War II) service is to be counted as public agency service even when a period of time intervened between the two -- were unaffected by the 1951 legislation. If the Legislature had disagreed with our interpretation, it easily could have so modified the statutes in the 1951 legislation. (See *Henderson* v. *Board of Education* (1978) 78 Cal.App.3d 875, 883 [rationale of Attorney General opinions deemed "persuasive since the Legislature is presumed to be cognizant of that construction of the statute"].) Accordingly, the conclusions of our 1949 opinions require expansion to include not only World War II service as "public service," but all wartime and national emergency service, even though a period of time exists between such military or naval service and the public agency service.

Given the plain wording of sections 395 and 395.01, as well as their legislative histories, we conclude that the rationales of our 1949 opinions are to be applied to the statutes as they read today. For purposes of determining a public employee's rights to a paid military leave of absence, all prior military service is to be counted as public agency service when calculating whether the employee has been employed with the public agency for a minimum of one year at the time of taking the military leave.

\* \* \* \* \*