TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 97-411 |
| of | : | |
| | : | October 15, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE BRUCE McPHERSON, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following question:

Are the meetings of the Santa Cruz County Farm Bureau at which it develops a list of candidates for appointment to the board of directors of the Pajaro Valley Water Management Agency required to be open to members of the general public?

CONCLUSION

The meetings of the Santa Cruz County Farm Bureau at which it develops a list of candidates for appointment to the board of directors of the Pajaro Valley Water Management Agency are not required to be open to members of the general public.

ANALYSIS

The Pajaro Valley Water Management Agency ("Agency") was created by the Legislature in 1984. (Stats. 1984, ch. 257, § 1; 2 Deering's Wat.-Uncod. Acts, Act 5695; West's Wat. Code App., § 124.) Under the legislation, the Agency's board of directors consists of both elective and appointive members. With respect to appointive members, section 402 of the uncodified legislation provides:

"The agency shall be governed by the board of directors. The board shall consist of seven members selected in accordance with this act. Each member of the board shall be a voter of and a resident within the agency. Four members of the board shall be elected as provided in Section 403. Three members of the board shall be appointed. The appointed members of the board shall reside within the jurisdiction of the appointing power, shall derive at least 51 percent of their net income from the production of agricultural products, as certified by affidavit, and shall be appointed by the following agencies: one member each by the Board of Supervisors of

shall be appointed by the following agencies: one member each by the Board of Supervisors of Monterey County, the Board of Supervisors of Santa Cruz County, and the City of Watsonville. The appointments may be made from lists of not less than three nor more than five persons submitted to the appointing power for each vacancy by the Santa Cruz County Farm Bureau and the Monterey County Farm Bureau."

We are asked whether the meetings of the Santa Cruz County Farm Bureau ("Bureau") held for the purpose of developing a list of persons for appointment to the Agency's board of directors must be open to members of the general public. We conclude that the meetings need not be open to the public. **Footnote No. 1**

The Ralph M. Brown Act (Gov. Code, §§ 54950-54962; "Act" ) **Footnote No. 2** requires that:

"All meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency, except as otherwise provided in [the Act]. . . ." (§ 54953, subd. (a).)

For purposes of the Act, a "local agency" is defined in section 54951 as follows:

"As used in this chapter, `local agency' means a county, city, whether general law or chartered, city and county, town, school district, municipal corporation, district, political subdivision, or any board, commission or agency thereof, or other local public agency."

The term "legislative body" is defined in section 54952 as follows:

"As used in this chapter, `legislative body' means:

"(a) The governing body of a local agency or any other local body created by state or federal statute.

"(b) A commission, committee, board, or other body of a local agency, whether permanent or temporary, decision making or advisory, created by charter, ordinance, resolution, or formal action of a legislative body. However, advisory committees, composed solely of the members of the legislative body which are less than a quorum of the legislative body are not legislative bodies, except that standing committees of a legislative body, irrespective of their composition, which have a continuing subject matter jurisdiction, or a meeting schedule fixed by charter, ordinance, resolution, or formal action of a legislative body are legislative bodies for purposes of this chapter.

"(c)(1) A board, commission, committee, or other multimember body that governs a private corporation or entity that either:

"(A) Is created by the elected legislative body in order to exercise authority that may lawfully be delegated by the elected governing body to a private corporation or entity.

"(B) Receives funds from a local agency and the membership of whose governing body includes a member of the legislative body of the local agency appointed to that governing body as a full voting member by the legislative body of the local agency.

"(2) Notwithstanding subparagraph (B) of paragraph (1), no board, commission, committee, or other multimember body that governs a private corporation or entity that receives funds from a local agency and, as of February 9, 1996, has a member of the legislative body of the local agency as a full voting member of the governing body of that private corporation or entity shall be relieved from the public meeting requirements of this chapter by virtue of a

change in status of the full voting member to a nonvoting member.

"(d) The lessee of any hospital the whole or part of which is first leased pursuant to subdivision (p) of section 32121 of the Health and Safety Code after January 1, 1994, where the lessee exercises any material authority of a legislative body of a local agency delegated to it by that legislative body whether the lessee is organized and operated by the local agency or by a delegated authority."

Does the Bureau qualify as the "legislative body" of a "local agency" so as to require that its meetings be open to members of the general public? The Bureau is a nongovernmental, nonprofit corporation that was incorporated on January 1, 1933. It is one of 53 county farm bureaus comprising the California Farm Bureau Federation, which is, similarly, a nongovernmental, nonprofit corporation. As such, the Bureau does not fit within any of the categories of "local agencies" set forth in section 54951. It is not a "board, commission or agency" of one of the enumerated local agencies, as defined by the Legislature in section 54952 with respect to a board or committee of a private organization. The Bureau is not the governing body of any local body created by state or federal law. None of its boards or committees were created by the Agency or any of the other affected public body. The Bureau is not funded in whole or in part by any public body having a member serving on the Bureau's board.

Although the Legislature has given the Bureau a role in filling vacancies on the Agency's board of directors, its limited duties do not make it subject to the open meeting requirements of the Act. **Footnote No. 3** The Bureau is not a "legislative body" of a "local agency" as defined therein. No other statutory scheme requires that the Bureau's meetings be open to members of the general public.

Accordingly, we conclude that the meetings of the Bureau at which it develops a list of candidates for appointment to the board of directors of the Agency are not required to be open to members of the general public.

\* \* \* \* \*

---

**Footnote No. 1**
Our conclusion would be equally applicable to the Monterey County Farm Bureau. **Return to text**
**Footnote No. 2**
All references hereafter to the Government Code are by section number only. **Return to text**
**Footnote No. 3**
We also note that in *Henderson* v. *Board of Education* (1978) 78 Cal.App.3d 875, the court ruled that an ad hoc "screening committee" of less than a quorum of a legislative body need not follow the open meeting requirements of the Act. In 68 Ops.Cal.Atty.Gen. 34 (1985), we concluded that a "screening committee" of the California Transportation Commission consisting of less than three individuals need not follow the open meeting requirements of the Bagley-Keene Open Meeting Act (§§ 11120-11132) applicable to state agencies.